UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL PRODUCE CO., LTD., a California limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>WAREHOUSE MARKETS, LLC, a California limited liability company; MICHAEL A. WEBB, an individual; NYCOLE WARREN, an individual; and C & S WHOLESALE GROCERS, INC., a Vermont corporation,<br><br>Defendants. | No. 2:13-cv-0750-MCE-DAD<br><br>**ORDER** |

Plaintiff General Produce Co., Ltd. ("General Produce") filed the present lawsuit on April 17, 2013, for enforcement of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e et seq. ('PACA") against Defendants Warehouse Markets, LLC, Michael Webb, Nycole Warren and C&S Wholesale Grocer, Inc. (collectively referred to as "Defendants" or "Warehouse Markets"). According to Plaintiff's complaint, between February 5, 2013, and April 4, 2013, General Produce sold perishable agricultural commodities to Defendants, totaling $70,636.79 in value, but has not been paid for those products. Compl., ¶¶ 9, 13, ECF No. 1. Freshko Produce Services, Inc. ("Freshko"),

1

now moves to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2)[1] on grounds that Defendants owe it $41,869.50, plus interest and fees, for the purchase, on credit, of perishable agricultural commodities from April 26, 2013, to November 21, 2013.  Alternatively, Freshko seeks permissive intervention under Rule 24(b).  Plaintiff General Produce has filed a Statement of Non-Opposition to Freshko's Motion.  ECF No. 21.  Defendants, however, oppose Freshko's Motion on grounds that it is untimely, that Freshko lacks any legitimate interest in the property of the trust created under PACA, and that there is no commonality of fact or law between Plaintiff's claim and the claim now asserted by Freshko.  As set forth below, Freshko's Motion to Intervene will be granted under Rule 24(a).

An intervenor as a matter of right must meet all requirements of Rule 24(a)(2) by showing:

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.
>
> In evaluating whether these requirements are met, courts "are guided primarily by practical and equitable considerations."  Further, courts generally "construe [the Rule] broadly in favor of proposed intervenors."  "'A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts.  By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.'"

United States v. City of Los Angeles, 288 F.3d 391, 397-98 (9th Cir. 2002) (citations omitted).

Applying those criteria to the present matter, it cannot realistically be disputed that Freshko has the requisite property interest.  PACA provides for the establishment of a

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise indicated.

2

statutory trust in favor of unpaid suppliers of perishable agricultural commodities. Provided that such unpaid suppliers properly perfect their claims, they have a priority right to share in the corpus of the PACA trust. 7 U.S.C. § 499e(c)(4). Like General Produce, Freshko has unpaid invoices for perishable agricultural commodities and is entitled to participate in distribution of the PACA trust res.

While Plaintiff argues that Freshko fails to provide adequate written notice of its intent to preserve the benefits of the PACA trust within thirty days as required by 7 U.S.C. § 499e(c)(3), that contention is misplaced. As Freshko points out, its invoices for the subsequent transactions uniformly include the following language, which, under the terms of the 1995 PACA Amendments at 7 U.S.C. § 499e(c)(4), is sufficient for purposes of perfecting its PACA trust rights:

> The perishable agricultural commodities listed on this invoice are sole subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. § 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

See Freshko invoices, Ex. 1 to Decl. of Joseph Austin.

The second prerequisite for intervention as a matter of right, which examines whether disposition of the present matter without Freshko's participation would impair its interests, is also easily met. Given the likelihood that available trust assets will be limited and thus insufficient to pay all PACA claims, if Freshko cannot intervene its ability to collect what it is owed will be directly hindered. As a PACA claimant, it is entitled to participate in an equitable pro-rata distribution of trust assets along with Plaintiff and any other PACA creditors.

The same considerations also apply to satisfy the fourth requirement for intervention as a matter of law, which asks whether Freshko's interests will be adequately represented by the existing party parties. As stated above, since the trust

///

3

res may well be insufficient to satisfy the PACA claims of all qualified beneficiaries, the existing Plaintiff, General Produce, and Freshko have potentially adverse interests.

That leaves only the question of whether Freshko's application to intervene is timely.  While General Produce's lawsuit was filed on April 17, 2013, Defendants' opposition, and the Court's own docket, make clear that following commencement of the action a tentative settlement agreement with payment terms was reached, as a result of which the instant proceedings were stayed by Order filed June 10, 2013, ECF No. 13.[2]  The problem resurfaced only when Warehouse Markets recently shut down and was not able to continue honoring the agreed upon repayment terms.  A Notice of Default was subsequently entered on December 10, 2013, and the stay was vacated on December 23, 2013, ECF No. 18.  Freshko's claims relate to unpaid invoices between April 26, 2013 and November 21, 2013, and, accordingly, fall largely within the stayed period.  Because the present intervention request was filed on January 14, 2014, less than a month after the stay was lifted, Freshko's application was timely.  While Defendants appear to argue that Freshko should not be permitted to jeopardize that settlement, any argument in that regard runs counter to the purpose of a PACA trust, which is designed to protect the interest of all unpaid sellers of perishable agricultural commodities.  Moreover, Defendants have already defaulted on the terms of their settlement with Plaintiff.  See ECF No. 16.

In sum, Freshko is entitled to intervene as a matter of right under Rule 23(a)(2), and its Motion seeking such intervention (ECF No. 19) is GRANTED.[3]  Because the Court finds intervention appropriate under Rule 23(a)(2), it need not consider whether

///

///

///

---

[2] While Defendants request that the Court judicially notice this document and other documents contained within the Court's own docket, it is not necessary to judicially notice filings made in the course of this lawsuit itself.

[3] Because the Court determined that oral argument was not of material assistance, this matter was submitted on the briefs.  E.D. Local Rule 230(g).

intervention is alternatively appropriate under Rule 23(b).  Freshko is directed to file its proposed Complaint in Intervention not later than ten (10) days following the date of this Order.

IT IS SO ORDERED.

Dated:  April 9, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT